Amir J. Goldstein, Esq. (SBN 255620)
The Law Offices of Amir J. Goldstein, Esq.
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel 323.937.0400
Fax 866.288.9194
ajg@consumercounselgroup.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERI JOCSON and FE JOCSON, individually and on behalf of all others similarly situated, | CASE NO.: 2:17-cv-08214 |
| Plaintiffs, | |
| v. | |
| DIAMOND RESORTS INTERNATIONAL CLUB, INC., dba DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC dba DIAMOND RESORTS FINANCIAL SERVICES, INC., BARCLAYS BANK DELAWARE dba BARLCAYCARD and DOES 1 through 10, inclusive, | CLASS ACTION COMPLAINT FOR DAMAGES |
| Defendants. | |

Plaintiffs, by and through their attorney, Amir J. Goldstein, Esq., as and for their complaint against the Defendants, DIAMOND RESORTS INTERNATIONAL CLUB, INC., dba DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC dba DIAMOND RESORTS FINANCIAL SERVICES, INC and BARCLAYS BANK DELAWARE dba BARCLAYCARD allege as follows:

1

# INTRODUCTION

1. This is an action for damages brought by individual consumers and on behalf of a class for Defendants' violations of: (1) the Telephone Consumer Protection Act of 1991 or 47 U.S.C. §227 et seq. ("TCPA"); (2) the Truth in Lending Act or 15 U.S.C. §§1601 et seq. ("TILA"); (3) the Vacation Ownership and Time-Share Act of 2004 or California Business and Professions Code §§11210 et seq.; (4) the Rosenthal Fair Debt Collection Practices Act or California Civil Code §1788, et seq. ("Rosenthal Act"); (5) the California False Advertising Act or California Business and Professions Code §§17500, et seq.; (6) California Business and Professions Code §§17200, et seq.; (7) the Consumers Legal Remedies Act or California Civil Code §§1750 et seq. ("CLRA"); (8) California Welfare and Institutions Code §15610.70(a); (9) breach of contract; and (10) fraud in the inducement.

# PARTIES

2. Plaintiffs are natural persons residing in Los Angeles County, California and are consumers as defined by Cal. Bus. & Prof. Code §17201.

3. Upon information and belief, Defendant Diamond Resorts International Club, Inc. dba Diamond Resorts U.S. Collection Development, LLC dba Diamond Resorts Financial Services, Inc. ("Defendant DRI") is a "creditor" as defined by 15 U.S.C.§1602 and is company whose state of incorporation is Nevada and whose principal place of business is in the state of Nevada.

4. Upon information and belief, Defendant Barclays Bank Delaware dba Barclaycard ("Defendant Barclays") is a "creditor" as defined by 15 U.S.C.§1602 and is a company whose state of incorporation is Delaware and whose principal place of business is in the state of Delaware.

2

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the Defendants conduct business, the nature of which subjects the Defendant corporations to jurisdiction in this district and the transactions that give rise to this action occurred, in substantial part, in this district.

## FACTUAL ALLEGATIONS

6. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

7. That upon information and belief, Defendant DRI sells timeshare contracts.

8. That on or about November 2016, Plaintiffs obtained a "membership" with Defendant DRI whereby Plaintiffs would acquire timeshare "points" which could then be redeemed in exchange for the right to use and occupy accommodations at various resorts.

9. That Plaintiffs, in order to purchase "points" and various "upgrades" with Defendant DRI, obtained financing from Defendant DRI as well as a separate line of credit in the form of a "Diamond Resorts International" credit card issued by co-Defendant Barclays.

*Count One*

10. That on or about November 2016, Defendant DRI sold Plaintiffs a "sampler" package which was comprised of 2,500 points.

11. That Plaintiffs were led to believe that their monthly payments went solely toward the purchase of timeshare "points."

3

Class Action Complaint for Damages

12. That on or about January 2017, Defendant DRI advised Plaintiffs that it shouldn't have sold the Plaintiffs the 2,500 points because 2,500 points would be insufficient to obtain any vacation privileges.

13. That Defendant DRI advised Plaintiffs that they needed to purchase an additional 6,000 points which would get them a "silver" membership and access to vacation accommodations.

14. That Defendant DRI proceeded to apply hard pressure sales tactics on the Plaintiffs.

15. That Plaintiffs felt manipulated and intimidated into signing a new contract upgrading their membership with the Defendant DRI.

16. That subsequent to the January 2017 transaction, Defendant DRI urged Plaintiffs to attend an "update" meeting that would take place on or about June 2017.

17. That when Plaintiffs attended said "update" meeting, they were told, contrary to Defendant DRI's previous representations, that their membership was not at "silver" status.

18. That Defendant DRI once again advised Plaintiffs that the points they owned at that time were insufficient to obtain vacation privileges and that they needed to "upgrade" their membership again.

19. That Defendant DRI urged Plaintiffs to purchase another 2,500 points and use a Barclays "Diamond Resorts International" credit card to help finance the down payment for the transaction.

20. That on or about August 2017, Plaintiffs attempted to use their membership points for a vacation in Florida.

21. That during their Florida trip, Defendant DRI advised Plaintiffs that they would be able to obtain additional benefits and discounts for their trip if they purchased additional points.

Class Action Complaint for Damages

22. That Defendant DRI advised Plaintiffs that a failure to purchase additional points at that time would result in the Plaintiffs losing the aforementioned benefits.

23. That upon information and belief, Defendant DRI failed to provide the Plaintiffs with adequate information regarding said benefits as required by law.

24. That as a result of Defendant DRI's representations, Plaintiffs purchased an additional 5,000 points.

25. That Defendant DRI repeatedly subjected the Plaintiffs to high-pressure situations which caused the Plaintiffs a great amount of stress, confusion and anxiety.

26. That Defendants repeatedly failed to disclose to Plaintiffs the extent of the debt they would incur as a result of upgrading their membership.

27. That upon information and belief, Defendant DRI regularly engages in a practice of subjecting consumers like the Plaintiffs to high pressure situations filled with hard sell tactics in order to coerce them into entering into timeshare memberships and upgrades.

28. That upon information and belief, the Defendants act in cahoots and use false advertising and misrepresentations to induce consumers like the Plaintiffs to enter into contracts and pay for upgrades that they never wanted.

29. That upon information and belief, Defendants regularly fail to make material disclosures in order to mislead consumers like the Plaintiffs as to the status of their accounts and membership benefits.

30. That Defendants used deceptive sales practices and made numerous oral misrepresentations and false statements during timeshare sales presentations, including, but not limited to the "update" meetings.

31. That upon information and belief, Defendants' agents are trained to make misleading sales pitches and verbal promises to consumers like the Plaintiffs in order to induce sales and upgrades, only to purposely omit said representations in their written purchase agreements.

Class Action Complaint for Damages

32. That Defendants regularly engage in the deceptive practice of specifically disclaiming all verbal representations made by its agents in an attempt to circumvent liability.

*Count Two*

33. That in reliance on Defendants' misrepresentations, Plaintiffs were now financially obligated to pay not only for their points, but for additional fees that were not clearly and fully disclosed to them at the time their purchase agreements were signed.

34. That Defendants' documents contain contradictory and misleading information with regard to how a down payment on a transaction is represented, i.e. "initial cash deposit" when no actual cash was ever tendered by Plaintiffs.

35. That Defendants' documents, when read in totality, are confusing and misleading in that certain fees and costs are listed as part of the "amount financed" in one document yet omitted in another.

36. That upon information and belief, Defendants' documents intentionally and materially misrepresent the character of any down payments received and the "amount financed," thereby providing consumers like the Plaintiffs with an incomplete and misleading picture of their true financial obligations.

37. That upon information and belief, Defendants intentionally omit various fees and terms, including but not limited to miscellaneous assessments, from what they purport would be a consumer's "total" monthly payment.

38. That upon information and belief, when signing up consumers like the Plaintiffs for "upgrades," Defendants neglect to disclose and fully incorporate terms and other information regarding prior contracts, thereby misleading consumers as to the status of their memberships and the financial obligations created as a result of an "upgrade."

Class Action Complaint for Damages

39. That upon information and belief, Defendants work together to defraud consumers and systematically engage in a deceptive practice of offering consumers separate lines of credit in order to evade federal and state financing laws; to make money, both directly and indirectly, off of unwitting consumers; and to secure profits in situations where they would not otherwise be entitled to any financial gains.

### Count Three

40. That upon information and belief, when Plaintiffs advised Defendant DRI of their onerous financial burden, Defendant DRI, in reply, deceptively advised Plaintiffs that they could easily refinance their loans, knowing that neither the Defendants nor any other third party financial institutions would refinance Plaintiffs' timeshare contracts.

### Count Four

41. That Plaintiffs wanted to terminate their membership with the Defendant DRI.

42. That shortly after the August 2017 meeting with the Defendant DRI, Plaintiffs mailed Defendant DRI a written request to terminate their membership.

43. That in addition, Defendant DRI received a certified letter from the Plaintiffs rejecting the arbitration provision in the contract within the time allotted in the purchase agreement.

44. That Plaintiffs "opted out" of the arbitration clause pursuant to the most recent contract within the 30 day provision.

45. That Defendant DRI responded to the Plaintiffs with confusing, contradictory and ineffective information.

Class Action Complaint for Damages

46. That upon information and belief, Defendant DRI engages in a practice whereby it purposely makes terminating membership contracts difficult, if not almost impossible, for the average consumer.

47. That Defendant DRI continued to mail Plaintiffs letters demanding payment without addressing Plaintiffs' request to terminate their membership contact.

48. That Defendants' correspondence to Plaintiffs contain confusing, conflicting and misleading information regarding Plaintiffs' membership and status of accounts.

*Count Five*

49. That in response to Defendants' confusing and contradictory representations, Plaintiffs sent Defendants written notice disputing Defendants' claims.

50. That as part of said notice to Defendants, Plaintiffs also requested that all further communications from the Defendants, including any verifications, be provided to the Plaintiffs in writing and that Defendants stop all phone calls to the Plaintiffs immediately.

51. That upon information and belief, Defendants did not provide Plaintiffs with any verification in response to their written dispute yet continued to send Plaintiffs additional form letters containing the same, conflicting and confusing information regarding Plaintiffs' account.

*Count Six*

52. That notwithstanding Plaintiffs' multiple requests, Defendants continued to call Plaintiffs on their telephone land lines as well as on their cell phones.

53. That upon information and belief, Defendants engage in the practice of placing telephone calls and sending correspondence to members that contain deceptive language in order to confuse and mislead members as to the status of their accounts.

8

## AS AND FOR A FIRST CAUSE OF ACTION

54. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

55. That Plaintiffs revoked their consent to Defendants' placement of telephone calls to Plaintiffs' cellular telephones by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

56. That Defendants continued to place several dunning telephone calls to Plaintiffs' cellular phones using an automated telephone dialing system and/or a pre-recorded or artificial voice.

57. That none of Defendants' telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

58. That Plaintiffs were charged for the phone calls made by Defendants to their cellular phones.

59. That Defendants willfully or knowingly violated the TCPA, by placing non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system or pre-recorded or artificial voice notwithstanding Plaintiffs' previously revoked consent.

60. That as a result of Defendants' violations of the TCPA, Plaintiffs suffered stress, sleepless nights, aggravation and emotional distress.

61. That as a result of Defendants' violations of the TCPA, Plaintiffs are entitled to $500.00 for each artificial and/or prerecorded telephone call pursuant to 47 U.S.C. §227(b)(3)(B).

62. That as a result of Defendants' violations of the TCPA, Plaintiffs are entitled to a maximum of treble damages pursuant to 47 U.S.C. §227(b)(3).

63. That as per 47 U.S.C. §227 et seq. and as a result of the above violations, the Defendants are liable to the Plaintiffs for actual damages and statutory damages in an amount to be determined at the time of trial.

## AS AND FOR A SECOND CAUSE OF ACTION

64. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

65. The Truth In Lending Act was enacted and amended over the years by Congress "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. §1601(a).

66. By its acts and practices as hereinabove described, the Defendants have violated the TILA as follows, without limitation:

    i.  Defendants have violated 15 U.S.C. §§1637-1638 by failing to provide certain disclosures clearly and conspicuously as required by law, including but not limited to the proper disclosure and computation of the "amount financed" by the Plaintiffs;

    ii.  Defendants have violated 15 U.S.C. §1635 by failing to completely advise Plaintiffs regarding their rights to rescind their membership contracts and the ability to recoup all monies paid, including any charges incurred on the credit lines issued by Defendants.

67. That the Plaintiffs have detrimentally relied on Defendants' misrepresentations and as a result, suffered damages.

68. Pursuant to 15 U.S.C.§1640, Plaintiffs are entitled to recover statutory penalties from the Defendant, their actual damages sustained as a result of the Defendants' violations of TILA as well as attorneys' fees and costs.

Class Action Complaint for Damages

### AS AND FOR A THIRD CAUSE OF ACTION

69. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

70. The purpose of the Vacation Ownership and Time-Share Act of 2004 or California Business and Professions Code §§11210 et seq. is to provide full and fair disclosure to the purchasers and prospective purchasers of time-share plans.

71. By its acts and practices as hereinabove described, the Defendants have violated the Vacation Ownership and Time-Share Act of 2004 as follows, without limitation:

    i.   Defendants have violated §11225 & §11238 by failing to provide certain documents and certain disclosures clearly and conspicuously as required by law;

    ii.   Defendants have violated §11237 by failing to make proper disclosures as required by law with regard to the incidental benefits offered to the Plaintiffs;

    iii.   Defendants have violated §11245 by making material misrepresentations, including, but not limited to misrepresentations in connection with the promotion of a time-share plan, the nature, qualities and/or characteristic of the offered time-share plan, and/or incidental benefits;

    iv.   Defendants have violated §11265 by charging assessments in amounts not proscribed by law, by failing to provide proper notice regarding the increase of assessments;

    v.   By failing to deliver on certain items within the time represented to the Plaintiffs;

    vi.   By including conflicting, misleading and/or unlawful provisions among the various documents provided to the Plaintiffs;

Class Action Complaint for Damages

vii.  By sending multiple dunning notices, (many of which contained confusing, conflicting and misleading information) and by incessantly placing collection calls to Plaintiffs' phones, Defendants unlawfully continued their attempts to collect on a debt in dispute and in light of Plaintiffs' request to terminate their contract.

72. That the Plaintiffs have suffered damages as a result of the Defendants engaging in the acts hereinabove described.

## AS AND FOR A FOURTH CAUSE OF ACTION

73. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

74. The Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

75. That upon information and belief, Defendants have attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law.

76. By its acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

i.  By making the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation, Defendants have violated §1788.13(e);

ii.  By making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, Defendants have violated §1788.13(j);

12

Class Action Complaint for Damages

       iii.   By failing to include certain debt collection notices and disclosures required by law;

       iv.   By sending multiple dunning notices, (many of which contained confusing, conflicting and misleading information) and by incessantly placing collection calls to Plaintiffs' phones, Defendants unlawfully continued their attempts to collect on a debt in dispute and in light of Plaintiffs' request to terminate their contract.

77. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiffs are entitled to recover their actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiffs, which damages are in an amount to be proven at trial.

78. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiffs are entitled to recover, in addition to their actual damages, penalties of at least $1,000 per violation as provided for in the Act.

79. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiffs are entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION

80. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

81. The California Business and Professions Code section 17500, et seq., or the California False Advertising Act, prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

82. That upon information and belief, Defendants misled the Plaintiffs by making misrepresentations about fees and untrue statements about the nature of "Owners Updates" events.

83. That upon information and belief, Defendants knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiffs into entering contracts that they would not have assented to but for Defendants' misrepresentations and high pressure sales tactics.

84. That Plaintiffs reasonably relied upon Defendants' misrepresentations regarding various matters, including but not limited to the nature of the "Owners Update" meetings and Plaintiffs' membership points and in reasonable reliance on Defendants' misrepresentations, Plaintiffs attended what they thought were mere "Owners Updates" when they were in fact sales presentations where they were pressured into making purchases.

85. That the Plaintiffs were coerced into obtaining lines of credit and signing up for various upgrades that they had no interest in, but for Defendants' false representations, deceptive language and high pressure sales tactics.

86. That as a result of Defendants' misleading and false advertising, Plaintiffs have suffered injury in fact and have lost money or property.

## AS AND FOR A SIXTH CAUSE OF ACTION

87. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

88. That Defendants, by engaging in the acts hereinabove described, have committed violations of California Civil Code § 1750 et seq., or The Consumers Legal Remedies Act, which prohibits various deceptive practices in connection with the

14

conduct of a business providing goods, property, or services to consumers primarily for personal, family or household purposes.

89. That the Plaintiffs have suffered injury in fact and have lost money as a result of the Defendants engaging in the acts hereinabove described.

### AS AND FOR A SEVENTH CAUSE OF ACTION

90. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

91. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

92. That Defendants, by engaging in the acts hereinabove described, have committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

93. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

94. That consumers like the Plaintiffs are likely to be deceived, and that the Plaintiffs were in fact deceived, by Defendants' conduct.

95. That the Defendants have been unjustly enriched by committing said acts.

96. That as a result of Defendants' conduct, Plaintiffs have been harmed and have suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

97. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiffs have suffered substantial injury in fact and lost money and/or property.

98. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiffs are entitled to recover their actual damages and restitution.

15

**AS AND FOR A EIGHTH CAUSE OF ACTION**

99. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

100.     California Welfare and Institutions Code §15610.70(a) defines undue influence generally as "excessive persuasion that causes another person to act or refrain from acting by overcoming that person's free will and results in inequity."

101.     That the Plaintiffs were particularly vulnerable due to their age, emotional distress and impaired health.  That upon information and belief, Defendants knew or should have known of the Plaintiffs' vulnerability.

102.     That the Defendants exercised apparent authority over the Plaintiffs.

103.     That the Defendants used intimidation and/or coercion to initiate changes in Plaintiffs' personal and/or property rights, effected changes at inappropriate times and places, and claimed of expertise in effecting changes.

104.     That as a result of Defendants' conduct, the Plaintiffs suffered dire economic consequences and were forced to forgo their prior intent or course of conduct or dealing.

105.     That pursuant to California Welfare & Institutions Code § 15657.5, Plaintiffs are entitled to attorneys fees and costs in addition to compensatory damages and all other remedies otherwise provided by law.


**AS AND FOR A NINTH CAUSE OF ACTION**

106.     Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

107.     That Defendants breached its contracts with the Plaintiffs by the following acts which include, but are not limited to: by engaging in further collection activity on a disputed account and by making various misrepresentations regarding the status of Plaintiffs' accounts.

16

108.    That the Plaintiffs have suffered damages as a result of the Defendants engaging in the acts hereinabove described.

**AS AND FOR AN TENTH CAUSE OF ACTION**

109.    Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

110.    That Defendants committed fraud in the inducement through the following acts, which include but are not limited to:

    i.    Defendants repeatedly represented that the points Plaintiffs had purchased were insufficient to obtain any vacation privileges; advised Plaintiffs that they would easily qualify for refinancing on their loans; and failed to disclose the full extent of the Plaintiffs' financial obligations;

    ii.    That Defendants knew its respective representations to the Plaintiffs were not in fact true;

    iii.    The Defendants used said representations to persuade the Plaintiffs into signing up for a membership upgrades and additional lines of credit;

    iv.    That the Plaintiffs were persuaded to and reasonably relied upon Defendants' representations to signing up for a membership upgrades and additional lines of credit; and

    v.    Plaintiffs would not have signed up for the membership upgrades and additional lines of credit if they had known Defendants' representations were false and misleading.

111.    That the Plaintiffs have suffered damages as a result of the Defendants engaging in the acts hereinabove described.

Class Action Complaint for Damages

## CLASS ALLEGATIONS

112.    Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

113.    The first cause of action is brought on behalf of Plaintiffs and the members of a class.

114.    Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of a class (the "Class") defined as follows:

> All persons in the United States whose cell phone number, at any time between the date that is four years prior to the filing of this action and the present, Defendants or some person on Defendants' behalf caused to be called using an artificial or prerecorded voice and/or equipment with the capacity to dial numbers without human intervention.

115.    Plaintiffs are members of the Class. Plaintiffs received autodialed and/or artificial or prerecorded voice calls to their cell phones from or on behalf of Defendants.

116.    The Class is so numerous that joinder of all members is impracticable. On information and belief, Defendants caused more than 100 cell phone numbers to be called in the four years prior to the filing of this action using an autodialer and/or artificial or prerecorded voice. While the total number and identity of the Class members is at this point unknown, such information is, on information and belief, readily obtainable through the records of Defendants or its carrier(s), and could number in the thousands.

117.    Common questions of law or fact exist as to all members of the Class and predominate over any questions solely affecting any individual members. Such questions common to the Class include but are not limited to:

a. Whether Defendants used an "automatic telephone dialing system" or "artificial or prerecorded voice" as such terms are defined or understood under the

TCPA and applicable Federal Communications Commission ("FCC") regulations and orders;

b. Whether Defendants' conduct and policy of calling the cell phones of Plaintiff and the other members of the Class using equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice constitutes unfair, unconscionable, and/or harassing conduct in connection with the attempted collection of a debt;

c. Damages, which can be calculated by a mechanical formula, as well as whether Defendants' violations were performed willfully or knowingly such as to warrant treble damages under Section 227(b)(3) of the TCPA.

118. Plaintiffs' claims are typical of the claims of the other members of the Class. The factual and legal bases of Defendants' liability to Plaintiffs and the other members of the Class are the same: Defendants violated the TCPA by causing the cellular telephone number of each member of the Class, including Plaintiffs, to be called using an automatic telephone dialing system and/or artificial or prerecorded voice, in connection with the attempted collection of debts.

119. Plaintiffs and their attorney will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that might conflict with the interests of the Class. Plaintiffs will vigorously pursue their claims, and they have retained counsel competent and experienced in class and complex litigation, including cases under the Telephone Consumer Protection Act.

120. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy alleged herein. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class

Class Action Complaint for Damages

action, many members of the Class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise. Courts nationwide frequently grant class certification in cases brought under the TCPA; no difficulties are likely to be encountered in the management of this case as a class action. If the class is certified under Rule 23(b)(3), Plaintiffs anticipate the distribution of mail notice to each class member at their last-known address, or by such other practicable means as circumstances permit.

121.    That Defendants—in making prerecorded autodialer calls to the cell phones of Plaintiffs and the other members of the Class—have acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, warranting injunctive or corresponding declaratory relief for the Class as a whole. Prosecution of separate, piecemeal actions by individual members of the Class, should they even realize that their rights have been violated, would create the risk of inconsistent results for the same unlawful conduct and practices.

**WHEREFORE,** Plaintiffs respectfully pray that judgment be entered against Defendants in the amount of:

(a)    An order certifying the Class defined above, appointing Plaintiffs as class representatives, and appointing their attorney as class counsel;

(b)    Statutory damages and actual damages pursuant to 47 U.S.C. §227 in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

(c)    Statutory damages and actual damages provided by statute, including, but not limited to: 47 U.S.C. §227et seq., 15 U.S.C. §§1601 et seq., California Business and

20

Class Action Complaint for Damages

Professions Code §§17500, et seq., California Business and Professions Code §§17200, et seq., California Civil Code §§1750 et seq.

(d)      Treble damages pursuant to 47 U.S.C. §227.

(e)      Treble damages pursuant to California Civil Code § 3345.

(f)      Equitable and injunctive relief.

(g)      Restitution.

(h)      Costs and reasonable attorney's fees provided by statute, (including California Welfare & Institutions Code § 15657.5), common law and/or the Court's inherent power.

(i)      For such other and further relief as may be just and proper.


Plaintiffs request trial by jury on all issues so triable.


Dated: November 10, 2017                AMIR J. GOLDSTEIN, ESQ.

                                     ____/S/ Amir J. Goldstein_____
                                     Amir J. Goldstein, Esq.
                                     **Attorney for Plaintiffs**
                                     8032 West Third Street, Suite 201
                                     Los Angeles, CA 90048
                                     Tel 323.937.0400
                                     Fax 866.288.9194

21