```
 1                UNITED STATES DISTRICT COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3              WESTERN DIVISION-LOS ANGELES

 4                          - - -

 5        HONORABLE PERCY ANDERSON, JUDGE PRESIDING

 6                          - - -

 7   NERI JOCSON and FE JOCSON,      )
                                     )
 8                   Plaintiffs,     )
                                     )
 9             vs.                   )  No. CV 17-8214-PA
                                     )
10   DIAMOND RESORTS INTERNATIONAL CLUB,)
     INC., et al.,                   )
11                                   )
                     Defendants.     )
12   _____)

13

14      REPORTER'S TRANSCRIPT OF ORAL TELEPHONIC PROCEEDINGS

15                   Los Angeles, California

16                   Tuesday, July 17, 2018

17                        1:48 p.m.

18

19

20

21

22
                  PHYLLIS A. PRESTON, CSR, FCRR
23               Federal Official Court Reporter
                   United States District Court
24                    3470 Twelfth Street
                  Riverside, California 92501
25                    stenojag@aol.com
```

```
 1  APPEARANCES:

 2

 3  For the Plaintiffs:

 4                          AMIR GOLDSTEIN
                            Amir J Goldstein Law Offices
 5                          8032 West Third Street, Suite 201
                            Los Angeles, California 90048
 6

 7

 8

 9

10  For the Defendants:

11                          BECCA WAHLQUIST
                            JAMIE FURST
12                          Snell & Wilmer LLP
                            350 South Grand Avenue, Suite 3100
13                          Los Angeles, California 90071

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            TUESDAY, JULY 17, 2018; LOS ANGELES, CALIFORNIA
 2                              -o0o-
 3                     (Telephonic appearances)
 4            THE CLERK:  Calling Item No. 3, CV 17-8214, Neri       01:48
 5   Jocson vs. Diamond Resorts International Club.
 6            Counsel, please state your appearances.
 7            MR. GOLDSTEIN:  This is Amir Goldstein for the
 8   plaintiffs, Neri and Fe Jocson.  Good afternoon, Your Honor.
 9            MS. WAHLQUIST:  This is Becca Wahlquist and I'm with
10   Jamie Furst, from Snell & Wilmer, for the Diamond defendants.  01:49
11            THE COURT:  Good afternoon.  I have before me the
12   Plaintiffs' Ex Parte Application for an Extension of Deadlines
13   that was set forth in this Court's scheduling order or, in the
14   alternative, for a status conference.  Before turning to the
15   merits of the Ex Parte Application, there are a couple of      01:49
16   things I want to say and I have a couple of questions.
17            The first is, we received back in February a notice
18   that there had been a settlement between the plaintiffs and
19   Barclays Bank and, apparently, there was supposed to have been
20   a dismissal filed within 30 days.  I think this was back in    01:49
21   February.
22            What's the current status of the bank?
23            MR. GOLDSTEIN:  The Barclays' matter has been
24   settled, Your Honor.  The paperwork took a little bit of time
25   and it just dragged out for some reason.  I don't know.        01:50
```

| | | |
|---|---|---|
| 1 | THE COURT: Yes, like everything else in this case, | |
| 2 | it seems to drag out. | |
| 3 | So when is the stipulation going to be filed | |
| 4 | dismissing the bank? | |
| 5 | MR. GOLDSTEIN: I got an e-mail yesterday from | 01:50 |
| 6 | defendants' counsel following up on that. So it should be any | |
| 7 | day now. Just waiting for his approval. | |
| 8 | THE COURT: For approval for what? | |
| 9 | MR. GOLDSTEIN: That the stipulation is okay for me | |
| 10 | to sign it with his electronic signature. That's all. It's | 01:50 |
| 11 | just once he gives me the okay. I just didn't want to do it | |
| 12 | without him first saying it's okay. | |
| 13 | THE COURT: So I take it we'll have that no later | |
| 14 | than Monday? | |
| 15 | MR. GOLDSTEIN: Yeah, absolutely. I mean, literally, | 01:51 |
| 16 | we had an exchange yesterday via e-mail. So I was hoping to | |
| 17 | hear from him already this morning, but I still have not. But | |
| 18 | I will follow-up with him and -- | |
| 19 | THE COURT: You understand that this is July and you | |
| 20 | filed that notice back on February 1st, correct? | 01:51 |
| 21 | MR. GOLDSTEIN: I understand. But, Your Honor, in | |
| 22 | all fairness -- | |
| 23 | THE COURT: In all fairness, counsel, if I don't have | |
| 24 | that Monday, you and the bank's lawyer need to be in my | |
| 25 | courtroom at 3:00 on Monday. You understand? | 01:51 |

5

|   |   |   |
|---|---|---|
| 1 |       MR. GOLDSTEIN: Not a problem. | |
| 2 |       THE COURT: Now, for the life of me, I don't | |
| 3 | understand what you people are doing in this case. As I | |
| 4 | understand it, this case is based on basically -- well, at | |
| 5 | least two federal claims. One is a Telephone Consumer | 01:52 |
| 6 | Protection Act and the other is based on federal Truth in | |
| 7 | Lending, and there may be some state -- there is some state law | |
| 8 | claims, and some of those claims may be subject to arbitration. | |
| 9 |       Now, it appears to me that, soak and wet, this case | |
| 10 | may be worth $20,000. And there's been a lot more -- there's | 01:52 |
| 11 | been a lot of posturing going on in this case rather than | |
| 12 | moving this case forward for some sort of resolution. And I'm | |
| 13 | not sure the parties have really sat down and thought through | |
| 14 | whether it really makes sense to litigate this case in federal | |
| 15 | court. | 01:53 |
| 16 |       MS. WAHLQUIST: Well, Your Honor, this is Ms. | |
| 17 | Wahlquist from Snell & Wilmer. So we -- I mean, we agreed the | |
| 18 | reason we pushed for an early settlement conference, which we | |
| 19 | did have with the plaintiff, was because we figured this should | |
| 20 | resolve quickly and before discovery and before anything had to | 01:53 |
| 21 | be done. And we did make an offer far in excess of what you're | |
| 22 | saying you value the case at, far in excess of that, and it was | |
| 23 | not accepted. And we keep coming up against the fact that, you | |
| 24 | know, TCPA claims are worth $500 a call. The plaintiffs are | |
| 25 | valuing this case much higher. | 01:53 |

| | | |
|---|---|---|
| 1 | We've been preparing our summary judgment motion on | |
| 2 | the TCPA and TILA claims as well as a few of the state claims. | |
| 3 | And then part of that is to ask you -- and I believe you will | |
| 4 | grant that motion. And once the TCPA and TILA claims are gone, | |
| 5 | then we'd be asking you to dismiss the rest for lack of | 01:53 |
| 6 | jurisdiction. | |
| 7 | But we're not posturing in taking that firm stance. | |
| 8 | We were trying to avoid doing that by offering a waiver of all | |
| 9 | the amounts owed and money refunded to the plaintiff, but it | |
| 10 | was not accepted. So we're just in the position where we've | 01:54 |
| 11 | had to put together the summary judgment arguments to move | |
| 12 | forward. And then in having the meet and confer with | |
| 13 | plaintiffs' counsel when he alerted us that he wasn't going to | |
| 14 | be in town to attend the hearing that we were scheduling, | |
| 15 | that's when we said we wouldn't oppose his request to extend. | 01:54 |
| 16 | But we brought someone out from Diamond. We had a | |
| 17 | three-hour mediation. We made a really good faith offer and it | |
| 18 | just didn't resolve. | |
| 19 | MR. GOLDSTEIN: Your Honor, we actually countered | |
| 20 | that settlement offer. | 01:54 |
| 21 | THE COURT: Sir. | |
| 22 | MR. GOLDSTEIN: And since then I've been trying -- | |
| 23 | THE COURT: Excuse me. | |
| 24 | MR. GOLDSTEIN: -- and made several -- | |
| 25 | THE COURT: Excuse me. I'm not really interested in | 01:54 |

1  either side's version of whose fault this is or why this is
2  going on.  You people had an opportunity to arbitrate most, if
3  not all, these claims.  You made the decision to stay here in
4  federal court.  So why, whose fault it is, and why the case
5  hasn't settled really doesn't interest me.                         01:55
6          All I know is, I've got a case here in which somebody
7  came into my court, asked for an extension of 60 days, there
8  was no showing, no justification as to why that was necessary,
9  except that they were going to be out of town, and there was
10 certainly no showing of diligence.  I entered an order.  And      01:55
11 the next day I did another ex parte application which raises
12 some of the same questions that I asked before, that were
13 unanswered before, and they're still unanswered.
14         And the only thing I'm really interested in now, and
15 I'll turn to that ex parte application in a moment, but the      01:56
16 only thing I'm really interested in, between these parties, is
17 whether you have fully explored ways to try to resolve this
18 case, that at least appear to me to be a little more economical
19 than litigating this case in federal court.
20         Because I don't know what your experience is, but my     01:56
21 experience is that it is very expensive to litigate in federal
22 court.  And these requests that you want to resolve discovery
23 -- you need time to resolve discovery disputes or to file
24 partial motions for summary judgment, you know, unless this
25 case is going to get fully resolved, you know, I don't know       01:57

| | | |
|---|---|---|
| 1 | whether it's in my interest to grant some partial motion for | |
| 2 | summary judgment. Maybe it is. | |
| 3 |     I mean, what are you trying do here? | |
| 4 |     This is not going to be some million dollar payday in | |
| 5 | federal court. | 01:57 |
| 6 |     MR. GOLDSTEIN: Your Honor, I've been trying to | |
| 7 | settle this case -- | |
| 8 |     THE COURT: Excuse me, sir. I'm not finished. And | |
| 9 | again, I don't care what you've been trying to do. The only | |
| 10 | thing that's apparent to me is, you haven't been doing anything | 01:57 |
| 11 | to move this case along. | |
| 12 |     Now, and as I'm sure you're both aware, at some point | |
| 13 | we're going to have a serious discussion about which of these | |
| 14 | claims this Court is going to try and which of these claims may | |
| 15 | have to be tried in state court and which may have to be | 01:58 |
| 16 | arbitrated. And it just seems to me, when you go back to your | |
| 17 | clients and tell them that you've spent the kind of money that | |
| 18 | you're talking about spending, somebody is going to raise a | |
| 19 | question about why are we spending all this money and we still | |
| 20 | have to go try this case over in the state court or we don't | 01:58 |
| 21 | have complete relief. | |
| 22 |     Now, I'll turn to this -- well, so, what I want to | |
| 23 | know is, from both of you, is whether or not you've had any | |
| 24 | serious discussions about some alternative forum for resolving | |
| 25 | these claims? | 01:59 |

| | |
|---|---|
| 1   MR. GOLDSTEIN: Your Honor, I've attempted to engage | |
| 2  the defendants several -- numerous times to resolve either the | |
| 3  case in the entirety as well as different issues relating to | |
| 4  the discovery and their request for partial motion, but I'm | |
| 5  getting stonewalled at every attempt. So it seemed to me -- | 01:59 |
| 6  and I agree with you 100 percent that at this point the costs | |
| 7  of the litigation are far exceeding the numbers of settlement | |
| 8  that we have even discussed. But since the mediation, they | |
| 9  refuse to engage me. So I'm stuck at that fence. So that's | |
| 10 why we're continuing on with the litigation. I'm trying to put | 01:59 |
| 11 an end to it and I've been trying to, but I still have -- since | |
| 12 that mediation several months ago, they've been unwilling to | |
| 13 even engage me. So this is what's happening. | |
| 14   If the Court has any suggestions for what I can do to | |
| 15 advance that, I'm open to any suggestion. But at this point | 02:00 |
| 16 without a response from them, there is not much I can do other | |
| 17 than continue. | |
| 18   MS. WAHLQUIST: Your Honor, I don't want to get into | |
| 19 a he said/she said, other than to say I dispute that, but I do | |
| 20 want to note that, you know, we believe this should be an | 02:00 |
| 21 arbitration. We had our motion to compel arbitration. We had | |
| 22 multiple discussions with the plaintiff. He was going to be | |
| 23 opposing. And because one of the plaintiffs had opted out of | |
| 24 one of the contracts that was going to stay in federal court, | |
| 25 that's when we decided we would pull our motion to compel. | 02:00 |

1 We've always felt this should be an arbitration. And we
2 apologize that its in front of you, but we didn't have an
3 arbitration provision for the fourth contract.
4 So it is something I do believe that Mr. Goldstein
5 told me he was going to check with his clients to see if they
6 were amenable to settling on terms that we had discussed. I
7 don't know what the status of that is.
8 MR. GOLDSTEIN: I'm sorry. You'll have to remind me
9 what that was, because I don't recall you having a position.
10 MS. WAHLQUIST: Yeah. I can re-forward you your
11 e-mails on that, that you were going to check with them on
12 whether they would accept the offer that we had on the table.
13 MR. GOLDSTEIN: I said we would and then you said you
14 were going to hear back.
15 MS. WAHLQUIST: Oh, you had not said you would. If
16 you're going to accept the offer, that's good news.
17 MR. GOLDSTEIN: Your Honor, yesterday, in a desperate
18 measure, I basically told them I would take the settlement
19 offer that they previously proposed at a loss to me just to get
20 this over with, because I need to do this trip for my wife and
21 for familial reasons that I really didn't want to go into too
22 much detail about. And I was willing to do that and take the
23 loss. And the response was, she is waiting to hear back from
24 her client. If there's a response, we're done. We're done
25 today. If not, then I'm still waiting to hear back.

| | | |
|---|---|---|
| 1 | MS. WAHLQUIST: It is not something that I -- I | |
| 2 | thought we were waiting for your client. So, Your Honor, it's | |
| 3 | a good thing we had the call. If they're going to accept our | |
| 4 | offer then I think we're done. | |
| 5 | THE COURT: All right. Well, let me see if I | 02:02 |
| 6 | understand. So there was an offer that was made by the | |
| 7 | defendants. | |
| 8 | MR. GOLDSTEIN: Previously at the mediation -- | |
| 9 | THE COURT: Excuse me. | |
| 10 | MR. GOLDSTEIN: -- countered. We later came back now | 02:02 |
| 11 | and said we would even be willing to take that offer. And then | |
| 12 | I was told that -- | |
| 13 | THE COURT: Counsel, excuse me. | |
| 14 | MR. GOLDSTEIN: -- my client to see if it's still on | |
| 15 | the table. If it is, great. We're done. | 02:02 |
| 16 | THE COURT: Excuse me. What's the defendants' offer | |
| 17 | to settle this case? | |
| 18 | MS. WAHLQUIST: Waiver of the $51,000 that's owed. A | |
| 19 | refund of 15,000 that was paid and 5,000 cash. | |
| 20 | THE COURT: Okay. Now for the plaintiffs, is that | 02:03 |
| 21 | your understanding of the offer? | |
| 22 | MR. GOLDSTEIN: That's my understanding. Initially | |
| 23 | we had countered, but I let it go, and I told them we would go | |
| 24 | back and accept that if it was still available. | |
| 25 | THE COURT: That's fine. Are you willing -- are you | 02:03 |

Case 2:17-cv-08214-PA-E Document 64 Filed 02/22/19 Page 12 of 15 Page ID #:573

12

| | | |
|---|---|---|
| 1 | and your clients willing to accept that offer? | |
| 2 | MR. GOLDSTEIN: Yes. | |
| 3 | THE COURT: Okay. Now what I would like to do is to | |
| 4 | get everybody -- get the lawyers and the clients on the phone | |
| 5 | so that we can have an acceptance of these -- we can make the | 02:03 |
| 6 | offer. We can have it accepted on the phone and then we can | |
| 7 | place it on the record, and then you guys can do the paperwork. | |
| 8 | And if for some reason there is a hang up or it isn't | |
| 9 | consummated for any reason, then somebody can come to court and | |
| 10 | enforce the terms of that settlement that were placed on the | 02:04 |
| 11 | record. | |
| 12 | So when are you available to place this settlement on | |
| 13 | the record? | |
| 14 | MR. GOLDSTEIN: I would have to check with my | |
| 15 | clients' availability. If you want, I can try calling them | 02:04 |
| 16 | right now and see if I can get them on the phone. | |
| 17 | THE COURT: What about the defendants? | |
| 18 | MS. WAHLQUIST: If we need to have someone from my | |
| 19 | client there, I would also need to check availability, but I | |
| 20 | think if we could set something potentially for Friday. | 02:04 |
| 21 | THE COURT: How is Friday? | |
| 22 | MS. WAHLQUIST: Sometime after 11:00 would be good | |
| 23 | for me. And I can get someone from the client to attend, I'm | |
| 24 | sure. | |
| 25 | THE COURT: How is Friday after 11:00 for the | 02:05 |

1 plaintiffs?
2     MR. GOLDSTEIN: Again, I will have to arrange it with
3 my client, but I will do that right now and send them a notice
4 and give them a phone call, and we'll get it scheduled. Not a
5 problem, Your Honor.    02:05
6     THE COURT: Okay. Why don't we do this: I'm
7 available this week. If for some reason Friday doesn't work, I
8 can do this at -- how is 1:30 on Friday?
9     MR. GOLDSTEIN: Okay. 1:30 on Friday.
10     MS. WAHLQUIST: Yes, we'll make that work.    02:05
11     THE COURT: Okay. Everybody have a client
12 representative here. Have your clients here, both the
13 plaintiffs. Have a client representative for the defendants,
14 and we will place the essential terms of the settlement on the
15 record.    02:06
16     MS. WAHLQUIST: Your Honor, is that in person or on
17 the phone?
18     THE COURT: It could be either in person or on the
19 phone.
20     MS. WAHLQUIST: My client is Arizona -- sorry,    02:06
21 Nevada, so on the phone would be preferable.
22     THE COURT: On the phone.
23     MR. GOLDSTEIN: And I see my clients are also -- had
24 sent me an e-mail that they're going to be out of town so it
25 will have to be by phone.    02:06

```
 1            THE COURT:  On the phone is fine.  And you can use
 2   the same call in that you used today.
 3            MR. GOLDSTEIN:  Friday at 1:30?
 4            THE COURT:  Friday at 1:30.
 5            Is there anything else?                              02:06
 6            MS. WAHLQUIST:  No.  Thank you, Your Honor.
 7            THE COURT:  All right.  Thank you very much.
 8                      (Proceedings concluded)
 9                              -o0o-
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E

 2

 3                   DOCKET NO. CV 17-8214-PA

 4
             I hereby certify that pursuant to Section 753,
 5   Title 28, United States Code, the foregoing is a true and
     accurate transcript of the stenographically reported
 6   proceedings held in the above-entitled matter and that the
     transcript page format is in conformance with the regulations
 7   of the Judicial Conference of the United States.

 8

 9

10

11    /S/ Phyllis A. Preston        DATED:  February 22, 2019

12   Federal Official Court Reporter

13   CSR, FCRR
```